UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SCOTT FARREST, an individual,

    Plaintiff,

v.   Case No: 2:16-cv-111-FtM-99MRM

KNT DISTRIBUTORS, INC., a Florida corporation and TIMOTHY HIRT, an individual,

    Defendants.

**OPINION AND ORDER**

This matter comes before the Court on defendants' Motion to Dismiss Amended Complaint and Request for Attorney Fees (Doc. #28) filed on September 30, 2016. Plaintiff filed a response (Doc. #29) on October 13, 2016. For the reasons set forth below, the motion is granted to the extent that plaintiff's state-law indemnity claim is dismissed; otherwise, the motion is denied.

**I.**

Plaintiff Scott Farrest (plaintiff or Farrest), filed a three-count Amended Complaint against his former employer, KNT Distributors, Inc. (KNT) and Timothy Hirt (Hirt) (collectively "defendants"), claiming that he was intentionally misclassified as an independent contractor and denied overtime and minimum wage pay in violation of the Fair Labor Standards Act (FLSA) (Count I), and Article 10, Section 24, of the Florida Constitution (Count II).

(Doc. #26.)  Plaintiff was employed by defendants as a deliveryman from November 2011 until his employment ended on November 30, 2013 following an automobile accident while he was delivering goods for defendants.  (Id. at ¶10.)  Plaintiff alleges that Hirt is the president of KNT with the sole authority to hire, fire, and discipline employees, as well as supervise and control employees' work schedule and conditions of employment, determining their rate and method of pay.  (Id. at ¶4.)  Plaintiff alleges willful and/or reckless disregard and seeks actual and liquidated damages, costs, expenses, and attorneys' fees.  (Id. at ¶¶15-16, 25, 29, 34, 36.)  Plaintiff also asserts a state-law claim for indemnity (Count III).  (Id.)

Defendants seek to dismiss Counts I and II for failing to state a claim upon which relief can be granted, arguing that plaintiff's FLSA claim is barred by the statute of limitations and that defendant Hirt cannot be held individually liable. Defendants further argue that plaintiff was required to comply with the notice requirement imposed by Florida Statutes, Section 448.110, prior to bringing a claim under Article 10, Section 24, of the Florida Constitution, but failed to do so.  Additionally, defendants seek to dismiss Count III for lack of subject-matter jurisdiction, asserting that the Court has no independent federal jurisdiction to hear plaintiff's indemnity claim, nor supplemental jurisdiction.

## II. Failure to State a Claim

Under Federal Rule of Civil Procedure 8(a)(2), a Complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted). To survive dismissal, the factual allegations must be "plausible" and "must be enough to raise a right to relief above the speculative level." Id. at 555. See also Edwards v. Prime Inc., 602 F.3d 1276, 1291 (11th Cir. 2010). This requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted).

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff, Erickson v. Pardus, 551 U.S. 89 (2007), but "[l]egal conclusions without adequate factual support are entitled to no assumption of truth." Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011) (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. "Factual allegations that are merely consistent with a defendant's liability fall short of being

facially plausible." Chaparro v. Carnival Corp., 693 F.3d 1333, 1337 (11th Cir. 2012) (internal quotation marks and citations omitted). Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679.

### A. Count I - FLSA Statute of Limitations

The statute of limitations for violations of the FLSA is two years, and three years for willful violations. 29 U.S.C. § 255(a); Kaplan v. Code Blue Billing & Coding, Inc., 504 F. App'x 831, 833 (11th Cir. 2013). Here, the original Complaint was filed on February 8, 2016. (Doc. #1.) Defendants argue that because plaintiff last worked for defendants on November 30, 2013, he is outside the two-year statute of limitations and does not properly allege that defendants' violations were willful in order for three years to apply. (Doc. #28, p. 4.) Plaintiff responds that he has properly alleged that defendants' violations were willful, thereby extending the statute of limitations to three years.

"To establish that the violation of the [FLSA] was willful in order to extend the limitations period, the employee must prove by a preponderance of the evidence that [her] employer either knew that its conduct was prohibited by the statute or showed reckless disregard about whether it was." Alvarez Perez v. Sanford-Orlando Kennel Club, Inc., 515 F.3d 1150, 1162–63 (11th Cir. 2008).

Reckless disregard is the "failure to make adequate inquiry into whether conduct is in compliance with the Act." 5 C.F.R. § 551.104. "The three-year statute of limitations may apply even when the employer did not knowingly violate the FLSA; rather, it may apply when it simply disregarded the possibility that it might be violating the FLSA." Allen v. Bd. of Pub. Educ. for Bibb Cnty., 495 F.3d 1306, 1324 (11th Cir. 2007).

Accepting plaintiff's allegations as true, the Court finds that plaintiff's Amended Complaint includes facts that sufficiently allege willful violations of the FLSA. Plaintiff alleges that defendants only paid plaintiff $300.00 per week despite the fact that he was required to work 55 hours per week, which defendants were aware of. (Doc. #26, ¶¶11-12, 13(g).)

### B. Count II – Fla. Const. art. X, § 24,

In Count II, plaintiff alleges that defendants failed to pay him the Florida minimum wage for all hours he worked, as required by Article 10, Section 24, of the Florida Constitution. Plaintiff relies solely upon this constitutional provision as the basis for his claim. Defendants seek to dismiss Count II for failing to state a claim, arguing that plaintiff was required to comply with the pre-suit notice requirement imposed by the Florida Minimum Wage Act (FMWA), Fla. Stat. § 448.110, but failed to do so.[1]

---

[1] The Florida Minimum Wage Act requires that, "prior to bringing any claim," a plaintiff shall "notify the employer . . .,

Plaintiff responds that Article 10, Section 24 is self-executing and provides a private cause of action for failure to pay a minimum wage, and Section 448.110's notice requirement cannot be imputed to a constitutional cause of action.  But nevertheless, plaintiff states that he did comply with Section 448.110's notice requirement by providing notice to defendants of his claim when he filed his Amended Complaint on September 16, 2016.[2]

In examining this very same issue, the undersigned has previously found that Article 10, Section 24 is self-executing and establishes a private cause of action.  Bates v. Smuggler's

---

in writing, of an intent to initiate such an action," and identify specifically "the minimum wage to which the person aggrieved claims entitlement, the actual or estimated work dates and hours for which payment is sought, and the total amount of alleged unpaid wages through the date of the notice."  Fla. Stat. § 448.110(6)(a).

[2] Plaintiff's first Complaint, filed on February 8, 2016, pled a claim for violation of the FMWA, and included a blank space where the date that notice was provided to defendants was to be.  (Doc. #1, ¶38.)  The Amended Complaint dropped the FMWA claim and brought the claim solely under Article 10, Section 24, of the Florida Constitution.  (Doc. #26.)  The Amended Complaint does allege that notice of his claim was provided to defendants on September 16, 2016, with the caveat that plaintiff does not believe that such a notice was actually required, but plaintiff included it because he recognizes that this Court is divided over the issue of whether Article 10, Section 24 is self-executing (providing an independent cause of action).  (Doc. #26, ¶37 n.1.)  It is questionable whether plaintiff complied with the notice provision of the FMWA as he did not notify defendants prior to bringing the claim.  Rather, he notified them simultaneously with filing the claim with this Court.  The Court need not decide this issue though as it has determined that notice is not required when bringing a claim solely under the constitutional provision.  See infra.

Enterprises, Inc., 2010 WL 3293347, at *3 (M.D. Fla. Aug. 19, 2010). The Court also concluded that the notice requirement of the FMWA is not imputed to Article 10, Section 24, of the Florida Constitution. Id. at *4.

Just as in Bates, here the Court notes that the cause of action created by the Florida Constitution does not contain the notice requirements of the Florida statute, and such requirements do not "supplement, protect, or further the availability of the constitutionally conferred right," but rather impermissibly modify the right in such a fashion that it alters and frustrates the intent of the framers and the people to provide a cause of action without the detailed pre-suit notice. Id. While those requirements are appropriate for the statutory cause of action created by the FMWA, the Court cannot impute them to a claim premised solely upon the constitutional provision. Id.

The Court concludes that because plaintiff relies solely upon Article 10, Section 24, of the Florida Constitution to support his claim, he need not plead compliance with the notice requirements of Florida Statutes Section 448.110 in order to state a claim upon which relief may be granted. Therefore, defendants' motion to dismiss Count II is denied.

### C. Individual Liability

Defendant Hirt, who is the president of KNT, moves to dismiss the Amended Complaint against him, arguing that he cannot be held

individually liable because the Amended Complaint does not contain any allegations that would pierce the corporate veil. (Doc. #28, ¶11.)

The FLSA defines an "employer" as "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). An officer or owner who is either "involved in the day-to-day operation [of a corporate entity] or [has] some direct responsibility for the supervision of the employee" can be held jointly and severally liable as an employer under the statute. Alvarez Perez v. Sanford-Orlando Kennel Club, Inc., 515 F.3d 1150, 1160 (11th Cir. 2008). "[W]hile control need not be continuous, it must be both substantial and related to the company's FLSA obligations." Lamonica v. Safe Hurricane Shutters, Inc., 711 F.3d 1299, 1314 (11th Cir. 2013).

Here, plaintiff has stated a plausible claim against Hirt as he alleges that Hirt is the president of KNT with the sole authority to hire, fire, and discipline employees, and supervised and controlled plaintiff's work schedule and conditions of employment, determining rate and method of pay, which the Court accepts as true and takes in a light most favorable to plaintiff in deciding a Rule 12(b)(6) motion to dismiss. (Doc. #26, ¶4.); Erickson v. Pardus, 551 U.S. 89, 94 (2007). Therefore, Hirt's motion to dismiss is denied.

### III. Supplemental Jurisdiction

Defendants argue that the Court does not have subject-matter jurisdiction over plaintiff's state-law claim for indemnity (Count III) because the claim does not arise under federal law, nor are the parties diverse, and the claim does not form part of the same case or controversy as the FLSA claim for supplemental jurisdiction to apply. (Doc. #28, ¶¶ 12-13.)  Here, plaintiff alleges that on November 30, 2013 he was driving the defendants' motor vehicle when he became involved in an accident.  (Doc. #26, ¶ 40.) Unbeknownst to plaintiff, defendants had failed to secure proper liability insurance on the vehicle.  (Id. at ¶ 41.)  As a result, plaintiff alleges that he was cited and had his license suspended, as well as incurring a fine of approximately $12,600, which defendants have refused to pay.  (Id. at ¶¶ 42-43.)  Plaintiff states that he is wholly without fault and his liability is vicariously and solely based on defendants' failure to maintain insurance.  Therefore, plaintiff seeks indemnity from defendants for the fine he incurred.  (Id. at ¶¶ 44-47.)  Plaintiff asks the Court to exercise supplemental jurisdiction over this claim under 28 U.S.C. § 1367(a).

Under 28 U.S.C. § 1367(a), a district court shall exercise supplemental jurisdiction over any state-law claims that are "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article

III of the United States Constitution." "The constitutional 'case or controversy' standard confers supplemental jurisdiction over all state claims which arise out of a common nucleus of operative fact with a substantial federal claim." Parker v. Scrap Metal Processors, Inc., 468 F.3d 733, 743 (11th Cir. 2006).

Farrest's claim for indemnity arises under state law, and the Court has no independent federal jurisdiction to hear the claim. Furthermore, the state-law claim does not arise out of a common nucleus of operative facts as the federal claim. There is no relationship between the claim that defendants failed to pay plaintiff's overtime and minimum wages and the claim that defendants should indemnify plaintiff regarding fines incurred as a result of the November 30, 2013 accident. Therefore, the Court lacks subject-matter jurisdiction over plaintiff's state-law indemnity claim, and the claim will be dismissed without prejudice.[3]

### IV. Attorney Fees

Defendants request prevailing party attorney fees in the event that the Court dismisses this action. (Doc. #28, ¶¶ 14-15.) As defendants are not yet the prevailing party to this action, the request is denied.

---

[3] As set forth in 28 U.S.C. § 1367(d), the period of limitations for plaintiff's state law claim is tolled for a period of thirty days after this dismissal unless state law provides for a longer tolling period.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. Defendants' Motion to Dismiss Amended Complaint and Request for Attorney Fees (Doc. #28) is **GRANTED in part and DENIED in part.** The motion is granted to the extent that Count III is dismissed without prejudice; otherwise, the motion is denied.

2. As plaintiff filed an amended complaint, defendants' first Motion to Dismiss (Doc. #25) is **denied as moot.**

**DONE and ORDERED** at Fort Myers, Florida, this ___30th___ day of November, 2016.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record