UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SCOTT FARREST, an individual

    Plaintiff,

v.                                       Case No: 2:16-cv-111-FtM-99MRM

KNT DISTRIBUTORS, INC. and
TIMOTHY HIRT,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

This cause comes before the Court, *sua sponte*, on the Order to Show Cause as to Scott Farrest (Doc. 38) filed on March 23, 2017.

**I.    Background**

On February 22, 2017, the Court entered an Order (Doc. 37) granting an Unopposed Motion to Withdraw. In that Order, the Court allowed attorney Benjamin H. Yormak to withdraw as counsel of record for Plaintiff Scott Farrest. (Doc. 37 at 2). The Court afforded Plaintiff twenty-one (21) days in which to obtain new counsel or notify the Court that he chose to proceed *pro se*, which is without the benefit of counsel. (*Id.* at 1-2). The Court cautioned Plaintiff that if Plaintiff failed to comply with the Order, the Court may dismiss this action. *Id.* at 2.

Because Plaintiff failed to respond to the February 22 Order, the Court entered an Order to Show Cause (Doc. 38) on March 23, 2017. The Order to Show Cause (Doc. 38) required Plaintiff to show good cause in writing on or before April 10, 2017 why he failed to comply with the February 22 Order. (Doc. 38 at 2). Additionally, the Court again ordered Plaintiff to secure new counsel and have counsel file a notice of appearance or file a written notice that he intends

to proceed without the benefit of counsel. (*Id.*). Again, the Court cautioned Plaintiff that if he failed to comply with the March 23 Order to Show Cause, then the Court would recommend that this action be dismissed for failure to prosecute. (*Id.*). Plaintiff failed to comply.

## II. Legal Standard

Pursuant to Local Rule 3.10:

> Whenever it appears that any case is not being diligently prosecuted the Court may, on motion of any party or on its own motion, enter an order to show cause why the case should not be dismissed, and if no satisfactory cause is shown, the case may be dismissed by the Court for want of prosecution.

M.D. Fla. R. 3.10. The decision to dismiss for want of prosecution is within the Court's discretion. *See McKelvey v. AT & T Techs., Inc.*, 789 F.2d 1518, 1520 (11th Cir. 1986) (citing *Martin-Trigona v. Morris*, 627 F.2d 680, 682 (5th Cir. 1980)).[1] The Eleventh Circuit has held, however, that "the severe sanction of dismissal – with prejudice or the equivalent thereof – should be imposed 'only in the face of a clear record of delay or contumacious conduct by the plaintiff.'" *Id.* (citing *Martin-Trigona*, 627 F.2d at 682). The Eleventh Circuit further stated that "such dismissal is a sanction of last resort, applicable only in extreme circumstances, and generally proper only where less drastic sanctions are unavailable." *Id.* (citing *Searock v. Stripling*, 736 F.2d 650, 653 (11th Cir. 1984); *E.E.O.C. v. Troy State University*, 693 F.2d 1353, 1354, 1358 (11th Cir. 1982)). The Court further held that "[a] finding of such extreme circumstances necessary to support the sanction of dismissal must, at a minimum, be based on evidence of willful delay; simple negligence does not warrant dismissal." *Id.* (citing *Searock*, 736 F.2d at 653; *Troy State*, 693 F.2d at 1354, 1357).

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit Court of Appeals adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

### III. Analysis

While dismissal for lack of prosecution is a harsh sanction, the Undersigned can only conclude that Plaintiff's delay and unresponsiveness in this case is willful. *See McKelvey*, 789 F.2d at 1520. Plaintiff has twice failed to comply with Court Orders. In fact, Plaintiff has not filed anything in this case since his attorney withdrew as counsel. At this point, because Plaintiff has blatantly failed to comply with two successive Court Orders and has otherwise made no showing in any respect that he wishes this action to proceed, the Undersigned can only view Plaintiff's actions as willful delay warranting dismissal for failure to prosecute. *See id.*

Accordingly, **IT IS RESPECTFULLY RECOMMENDED:**

That Plaintiff's Amended Complaint (Doc. 26) be dismissed for want of prosecution.

Respectfully recommended in Chambers in Ft. Myers, Florida on April 17, 2017.

<br>

_____
MAC R. MCCOY
UNITED STATES MAGISTRATE JUDGE

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Copies furnished to:
Counsel of Record
Unrepresented Parties